KSC/10.22.25
PRR USAO#2024R00569



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | Criminal No. BAH 25 CR 325 |
| v. | * | |
| DAMON TOOGOOD, | * | (Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, 21 U.S.C. § 846; Possession with Intent to Distribute Controlled Substances, 21 U.S.C. § 841(b)(1)(A); Possession of a Firearm and Ammunition by a Prohibited Person, 18 U.S.C. § 922(g)(1); Forfeiture, 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| Defendants. | * | |
| | ****** | **UNDER SEAL** |

### INDICTMENT

#### COUNT ONE
(Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance)

The Grand Jury for the District of Maryland charges that:

From a date unknown to the Grand Jury but no later than March 19, 2025, and continuing through in or around May 21, 2025, in the District of Maryland and elsewhere, the Defendants,

**DAMON TOOGOOD,**

knowingly and intentionally combined, conspired, confederated and agreed together and with each other, and with other persons known and unknown to the Grand Jury, to distribute and possess with the intent to distribute a detectible amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide, also known as fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

21 U.S.C. § 846

## COUNT TWO
## (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges that:

On or about April 15, 2025, in the District of Maryland, the Defendant,

**DAMON TOOGOOD,**

did knowingly possess with the intent to distribute a quantity of a mixture or substance containing a detectible amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide, also known as fentanyl, a Schedule II Controlled Substance.

21 U.S.C. § 841(a)(1)

# COUNT THREE
## (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges that:

On or about April 22, 2025, in the District of Maryland, the Defendant,

**DAMON TOOGOOD,**

did knowingly possess with the intent to distribute a quantity of a mixture or substance containing a detectible amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide, also known as fentanyl, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)

# COUNT FOUR
## (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges that:

On or about April 29, 2025, in the District of Maryland, the Defendant,

**DAMON TOOGOOD,**

did knowingly possess with the intent to distribute a quantity of a mixture or substance containing a detectible amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide, also known as fentanyl, a Schedule II controlled substance.


21 U.S.C. § 841(a)(1)

# COUNT FIVE
# (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges that:

On or about May 7, 2025, in the District of Maryland, the Defendant,

**DAMON TOOGOOD,**

did knowingly possess with the intent to distribute a quantity of a mixture or substance containing a detectible amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide, also known as fentanyl, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)

## COUNT SIX
## (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges that:

On or about May 21, 2025, in the District of Maryland, the Defendant,

**DAMON TOOGOOD,**

did knowingly possess with the intent to distribute a quantity of a mixture or substance containing a detectible amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide, also known as fentanyl, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)









# FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the Defendants' convictions under Counts One through Count Ten of this Indictment.

## Narcotics Forfeiture

2. Upon conviction of the offenses alleged in Counts One though Nine, the Defendants,

**DAMON TOOGOOD,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses; and

b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.



[REDACTED]

### Substitute Assets

5. If, as a result of any act or omission of any Defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c)..

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

*Kelly O. Hayes / PR*
Kelly O. Hayes
United States Attorney

A TRUE BILL:

_____
Foreperson

Date: 10/23/2025